United States District Court
Southern District of Texas
**ENTERED**
June 29, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LENNIE JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-21-1366 |
| | § | |
| WELLS FARGO N.A., | § | |
| | § | |
| Defendant, | § | |
| | § | |
| BL ENTERPRISE LLC, | § | |
| | § | |
| Nominal Defendant | § | |

## MEMORANDUM AND ORDER

Lennie Jackson sued Wells Fargo contesting foreclosure proceedings on a house in Houston. *Lennie Jackson v. Wells Fargo N.A.*, No. CV H-20-1172. This court dismissed Jackson's claims and granted summary judgment. *Id.* After Jackson filed repeated frivolous motions, this court permanently enjoined Jackson from filing new lawsuits based on his dismissed claims without an order from a judicial officer. *Lennie Jackson v. Wells Fargo, N.A*, No. CV H-20-1172 (Docket Entry No. 223). Jackson filed the same claims in state court, and Wells Fargo timely removed. (Docket Entry No. 1-1). This court granted Wells Fargo's motion to dismiss, noting the preclusion. (Docket Entry Nos. 5, 7).

Wells Fargo now asks the court to find Lennie Jackson in contempt of court for violating the permanent injunction by filing a new lawsuit. (Docket Entry No. 10 at 4). Wells Fargo requests attorney's fees as a monetary sanction. (*Id*. at 5). Based on the pleadings, the record, the motion, and the applicable law, this court grants the defendant's motion for contempt and denies the motion for sanctions.

"A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *In re FEMA Trailer Formaldehyde Prods. Liab.*, 401 F. App'x 877, 882 (5th Cir. 2010) (per curiam) (quoting *SEC v. First Fin. Grp. of Tex.*, 659 F.2d 660, 669 (5th Cir.1981)). "[T]he elements of civil contempt are (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." *In re Bradley*, 588 F.3d 254, 264 (5th Cir. 2009) (internal quotation marks and emphasis omitted). The party moving for civil contempt bears the burden of establishing these elements by clear and convincing evidence. *Whitcraft v. Brown*, 570 F.3 d 268, 271 (5th Cir. 2009). The Fifth Circuit "has consistently held that good faith is not a defense to a finding of civil contempt." *United States v. City of Jackson, Miss.*, 359 F.3d 727, 735 n. 25 (5th Cir. 2004) (collecting cases). But "[a] court may not impose punishment 'in a civil contempt proceeding when it is clearly established that the alleged contemnor is unable to comply with the terms of the order.'" *Turner v. Rogers*, 564 U.S. 431, 441 (2011) (quoting *Hicks v. Feiock*, 485 U.S. 624, 638 (1988)). "Upon a finding of contempt, the district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005); *see Am. Airlines, Inc. v. Allied Pilots Ass'n,* 228 F.3d 573, 585 (5th Cir. 2000).

Jackson violated this court's order enjoining him from filing new lawsuits asserting the claims already dismissed by this court. (Docket Entry No. 10-1 at 10). The order was entered on February 23, 2021. (*Id.*) Jackson filed a new suit in state court on March 13, 2021, violating the order. (Docket Entry No. 1). Jackson acted in contempt of court and the court dismissed his lawsuit. Despite the finding of contempt, the court declines to sanction Jackson by ordering him

to pay Wells Fargo's attorneys' fees.  In *Test Masters*, the court held that district courts have broad discretion to impose or deny sanctions because of its close relationship with the case, litigants, and attorneys.  428 F.3d 559, 582.  This court finds that the plaintiff would be unable to comply with an order to pay attorney's fees. *See Turner*, 564 U.S. at 441.  Because this court cannot impose a punishment in which the plaintiff could not comply and has discretion in assessing sanctions, it denies its motion for sanctions.  (Docket Entry No. 10 at 5–6).

Wells Fargo's motion for contempt and sanctions, (Docket Entry No. 10), is granted in part and denied in part.

SIGNED on June 29, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge